UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DESHAWN HUBBARD,

        Plaintiff,

v.

        Case Number 03-10058-BC
        Honorable David M. Lawson

DR. THAKUR, M.D., DR. ANTONINI, M.D.,
DR. LARKY, M.D., DR. M. CLARK, M.D.,
DR. ROMONO, M.D., MOONEY, P.A.,
POTTER, P.A., CRAIG HUTCHINGSON,

        Defendants.
_____ /

## ORDER WITHDRAWING ORDER OF REFERENCE TO UNITED STATES MAGISTRATE JUDGE AND GRANTING DEFENDANTS' MOTION TO DISMISS

Presently before the Court is the defendants' motion to dismiss the complaint in this case pursuant to Federal Rule of Civil Procedure 12(b)(6) in light of the Sixth Circuit's decision in *Bey v. Johnson*, dkt # 03-2331, ___ F.3d ___ (6th Cir. April 27, 2005). In a written opinion considering the instant plaintiff's claims, *Hubbard v. Thakur,* 344 F. Supp. 2d 549 (E.D. Mich 2004), this Court concluded that neither the plain language of the Prisoner Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), nor underlying policy considerations require a "total exhaustion rule" with respect to prisoner civil rights cases containing both exhausted and unexhausted claims. Rather, the decision to dismiss a complaint containing exhausted and unexhausted claims in its entirety or proceed with only a prisoner's exhausted claims falls within the district court's discretion. To aid in this decision, the Court established a series of eight factors for a reviewing court to consider. *Id*. at 558-59 Consequently, the Court remanded the matter to Magistrate Judge Charles E. Binder to consider each of those factors and recommend an appropriate disposition.

Since this Court issued its opinion, the Sixth Circuit has adopted the total exhaustion rule requiring dismissal of the complaint in a prisoner civil rights case where the prisoner has demonstrated exhaustion with respect to some but not all of his claims. *See Bey v. Johnson*, dkt # 03-2331, ___ F.3d ___ (6th Cir. April 27, 2005). The court of appeals reasoned that the plain language of the PLRA and the policy objectives underlying it mandate total exhaustion. Slip op. at 5. Thus, unless a prisoner demonstrates that he has exhausted his administrative remedies with respect to each of his claims, the district court must dismiss the complaint. The petitioner in this case has not exhausted his administrative remedies in their entirety, and the Court will therefore dismiss the complaint in this matter.

Accordingly, it is **ORDERED** that the order of reference to the magistrate judge is **WITHDRAWN**, the defendants' renewed motion to dismiss [dkt # 84] is **GRANTED**, and the case is **DISMISSED WITHOUT PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: May 17, 2005

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 17, 2005.

s/Tracy A. Jacobs
TRACY A. JACOBS